v. American Piledriving Equipment, Inc. It is mostly, but the one point I would just like to make briefly is the case as to our challenge to the court's granting of summary judgment on liability against my client. The case for Corrie Enterprises, F-A-K-H-O-U-R-Y. It is not a Second Circuit case, it is a Southern District case by Judge Leisure. But that case is identical to the situation we had here. And that case held that UCC 2-3062 does not apply unless you can first establish that the contract is for the sale of goods. Now I'm not questioning that this case didn't involve the sale of goods, except there was no obligation, as in the for Corrie case, there was no obligation of a lessee to purchase anything under this agreement. And if you follow for Corrie, which is not precedent, I mean, it's not a Second Circuit case, it's a District Court case, but if you follow that case and that is good law, then you should come to the same result here, which is there, even though it was for goods that were being sold, the court found that because there was no obligation on the distributor to purchase anything under the agreement, the provision of UCC 2036-2, which provides an implied consideration of using best efforts to promote the product, doesn't apply. You have to first determine that it is a contract for the sale of goods before you can use that provision of the UCC to provide the consideration. If you follow for Corrie, you don't get to that point here, and therefore the contract was unenforceable because it did not, there was no consideration. A lessee had no obligation to buy a certain, to buy any product or to do anything, any act to perform under the contract. All right. You've reserved, what did we say, two minutes for rebuttal, Mr. Waller. We'll now hear from Mr. Dennis. Thank you, your honors. May it please the court. My name is Christopher Dennis of the law firm of Christopher M. Dennis, and I'm co-counsel to the Lavalie Law Offices. I represent the plaintiff, a lessee equipment in this matter. A lessee equipment respectfully asks this court to affirm three separate decisions of the Honorable Judith C. McCarthy. The first is the January 6th, 2022 opinion, an order which granted summary judgment on liability in favor of lessee. The September 22nd, 2022 opinion and order and separate judgment that upheld the duly deliberated June 13th, 2022 jury verdict and the December 28th, 2022 bench ruling awarding prejudgment interest in favor of Mr. Alessi. Your honors, this case- Can you focus on the prejudgment interest question that we were discussing with your- Yes, absolutely, your honor. Because I'm really not clear in my own mind about whether the 28 days runs from a final judgment or a judgment. There's- And if it runs from a judgment, then you don't worry about the final judgment. Our position is, your honor, that it applies to the final judgment Judge McCarthy found. Yeah. What counsel neglected to indicate to the court is that after the jury verdict, the court asked the parties to submit briefs on the issue of interest. Counsel for Mr. Alessi did that within a day of the court's request. We made a request for the interest, outlined the arguments with regards to the interest and provided the court with a legal basis for it. What do you make of our language in True Art Sign Company that when there are successive judgments, the timeliness of a motion for prejudgment interest should only be based on the second judgment if the motion bears some relationship to the basis for altering the original judgment? Our position is it does bear basis in this instance because it's part of the total calculation of damages in the case. But the damages have been calculated. My understanding is the court did not finalize the calculation until the judgment, Your Honor. And the judgment outlined what was, the judgment language itself indicates the actual value of the counterclaims asserted by Ape. And the fact of the matter is that absent that, the case itself could not be closed. Judge McCarthy was explicit in her order that she never intended for the case to be closed at that point. There was still outstanding issues. And when issuing that second judgment at the request of counsel, who had the opportunity since January of 2022 to request that judgment and did not do so, the time to appeal or the time to challenge that judgment did not begin to run. The 28 days did not begin to run. With respect further, Your Honor, with regards to that, we never waived the interest. The interest is by New York law, a requirement in cases such as this. We made it fully aware that that was judgment of interest that we were seeking at the inception of the case. It was part of our damages. It was requested not only... Well, it would be normal to request it, to seek it, et cetera, et cetera. The question is whether to file for it within the right period, that's all. And again, Your Honor, I think we did. I think we made the request after the verdict prior to the judgment, and we also made the request after the judgment and the final judgment that would set the totality of the damages for American pile driving. If the court doesn't have any additional questions with respect to that, I'd like to address briefly the breach of contract issue. The lower court or the district court succinctly provided and found that there was never a dispute that there was the existence of a contract. Never established any distinct argument or evidence that Mr. White, who was the president at the time the contract was entered into, had the authority to enter into it. And there was no legal basis raised that my client could not rely on that, and could not rely on the signature of Mr. White to enter into that arrangement. Counsel in his papers argued for the first time that my client had this duty to inquire whether Mr. White had that authority. The case law does not provide for that. Additionally, there was never any fraud claims brought, that there was fraud committed by Mr. White or my client as it relates to entering into that contract. That was not in the counterclaims against my client, and that was not in the arguments with relation to Mr. White prior to his dismissal from this action. Counsel also seems to be trying to backdoor the fact or the existence of a contract, which was denied when his summary judgment motion was denied, and appeal that issue, that the contract itself never existed. We think that time to do so has been as barred, that he's not permitted to argue that at this point, and the only issue is whether the court properly granted summary judgment in favor of my client, which we argue they did. With respect to the 50B directed verdict motion, we asked the court to stand on long-standing principle that my client, the non-moving party, needs to be credited, and the court shouldn't weigh conflicting testimony, and should sustain what the jury had found previously on verdict, that the evidence with respect to damages was clear, that damages were reasonable, were not excessive, and that there's no basis to challenge the validity of those damages as they were presented. Repeatedly at trial, counsel for Ape had the opportunity to present evidence to contradict testimony. They did not do so. They had the opportunity to present evidence to show that my client's testimony, that he received 20% discount, and it subsequently stopped, was not contradicted, and with respect to particular evidence, there were two exhibits that counsel focuses on, and that's PX 127, which is a list of items that were indicating of sales, and also, I believe it was PX 9, which indicated for parts. There's an issue with respect to whether those documents were complete, but that was something that should have been raised during trial, and they were not, and we asked that the court please sustain in favor of my client on all grounds, including the prejudgment interest, as it was not a final judgment until the court issued the order in favor of Ape in July of 2022. I want to take you back to that because I want to be sure I understood something you said to me in response to a question. Sure, Your Honor. The only thing that happened after the district court entered its June 23rd judgment memorializing the jury award in favor of your client was the inclusion of Ape's counterclaim award in the later judgment, correct? The court entered a judgment in favor of Ape, and also requested that parties discuss whether interest would be required on either judgment. I understand that, but the point is, at that point, we are more than 28 days past the memorialization of the jury award in favor of your client and the direction of the clerk to close the case, am I right? It's more than 28 days, Your Honor, and as the court noted, it was not the intention of the court to close out the case at that point. Whatever its intention was, it had entered a judgment memorializing the jury award, and at that time, it directed the clerk to close the case. That's correct, Your Honor. Now, at that point, why are we in the true art situation where the second judgment, now awarding Ape on the counterclaim, there's no relationship or to the basis to alter the original judgment. There is no alteration in the original judgment in your client's favor, right? No, Your Honor. So isn't it, you basically want a windfall because now they're getting their counterclaim, now you want to say that that allows you to make an untimely request for pre-judgment interest. Why isn't that the way to look at this? Respectfully, Your Honor, and may it please the court, that's not the way we see the situation. Well, how is it not how true up sees the situation? True art, rather. In true art, the parties had not submitted a brief to the court outlining the basis of damages interest, which we did, prior to the entry of the judgment. That was not. I'm sorry, you entered a brief? We provided, at the direction of Judge McCarthy, prior to her entering that judgment, she requested the parties to brief the issue with respect to our positions of damages. But we are now more than 28 days. No, the first instance that we provided was. When did she direct that? I'm having trouble finding that. The jury verdict was on June 13th, 2022. On June 22nd, 2022, the court issued a order and a directive that the parties should submit letter briefs on the issue of interest. We did so on June 23rd, 2022. I'm sorry, on June 23rd, let me just be sure I understand. June 23rd. On June 23rd, you briefed the question. We sent a letter of submission to the court. I apologize, Your Honor. What you did on June 23rd was, at that point, seek pre-judgment interest. That's what you're telling me. Yes, it's A25, docket entries 176 and 177. Thank you. And the parties wrote to the court and provided our legal basis for interest in the case. Was there any mention of the prior judgment, the $52,000 that was going the other way? There was not. So, I mean, all of that's relevant and related to the judgment in this case, right? Yes. Pre-judgment interest is gonna be different depending on whether you subtract out from your award in June the 52,000 that had been awarded the other way in January. And that's correct. Now, I'm looking at the record and I thought it was on July 31st, which was a month after the district court entered its first June 23rd judgment, that you made your Rule 59e motion. Is that correct? On July 31st, Your Honor, we made the 59e motion. That's correct. However- That's now untimely. However, on June 23rd, 2022, at the direction of Judge McCarthy, the parties were required to submit a letter of submission to the court outlining whether we were seeking interest, the legal basis for it, and how those damages should be calculated. But you did not file a Rule 59e motion at that time. You submitted a letter. We submitted a letter brief to the court on the damages. That's correct, Your Honor. I didn't understand the court to take the view that that was your timely Rule 59e motion. I thought the court said that your July filing was acceptable because it was within 28 days of the subsequent judgment. Isn't that the basis for the court's ruling? That is, Your Honor. So are you now asking us to view your June 22nd or 23rd letter as the equivalent of a Rule 59e motion? What I'm asking the court to do, Your Honor, is twofold. One, that that is evidence that we made the request timely, as well as- Because it's the equivalent of a Rule 59e motion? That's correct, Your Honor. Did you brief that at all? Is that our getting- That is not- Do you think you would have- That is not a brief, Your Honor. We mentioned that. Do you think you would have had a claim for this if you'd never filed a Rule 59e motion? I believe we would. Just because of the letter that you filed? I believe we would have. However, we did timely make it because our position is that the order issued to Mr. Wallace's client in July and our motion on July 31st was also timely. Since I don't have to hunt for it, could you just quickly tell us where that is in your brief so that I make sure I look at it carefully? Sure, Your Honor. See, I mean, I'm looking, you only briefed this in two pages, 53 and 54, and while you allude to your June 22nd letter, I don't see on page 54 that you argue that that was the equivalent of a timely Rule 28 motion.  I'm not disparaging in any way the argument you do advance, I just didn't see that particular one. We referenced it, Your Honor, for the purposes of indicating that we had, and if we didn't do it artfully and argue that it was an alternative attempt of 59. In other words, what is on page 53 and 54 is what you say in that case. Those are the arguments as well as my statement of facts, Your Honor. Thank you very much. Thank you. Thank you, Your Honor. We'll now hear from Mr. Waller for two minutes. Thank you, Your Honors. I do want to clarify a couple of things that were just said, because they're not true. First of all, Mr. Dennis did not make the argument that, let me explain what happened. After the jury verdict, but before the June 23rd judgment was issued, the court asked the parties to submit their position on when pre-judgment interest would be triggered, and we submitted short letter briefs on that issue. Then, after that, Judge McCarthy, on June 23rd, had a docket entry, in addition to the June 23rd judgment, there was also a docket entry which said, if the parties cannot agree on the triggering date of interest, a lessee must move by Rule 59E to amend the judgment to add pre-judgment interest. So, the argument was not made in Mr. Dennis' brief. So, what were the submissions regarding pre-judgment interest that were being referred to? The only- What were they? They weren't motions for pre-judgment interest on Rule 59? They were not. They were not. Because they didn't use that header? No. What was it? I'm just not sure. What's the difference between a submission regarding pre-judgment interest and a motion pursuant to 59E to add pre-judgment interest? Judge McCarthy, so pre-judgment interest is mandatory, okay, in this situation, but it has to be done, and the court, the Second Circuit is clear on this, has to be done through a Rule 59E motion to amend within 28 days from the judgment. What she was asking in anticipation of that motion was the party's position on when pre-judgment interest would start to run. We gave conflicting briefs about when we thought they should run. So, Judge McCarthy said, okay, there's no agreement, therefore, Mr. Alessi's counsel must, it was in a docket entry, must move pursuant to Rule 59E to amend the judgment if it wants to add pre-judgment interest to- So, you think there was some question whether they wanted pre-judgment interest? I, would I, no, I don't know that, I don't think there's a question- You knew they were asking for pre-judgment interest, correct? Yes, but they have- And in the very day of the district court's order, you then asked for a judgment that memorializes the fact that you had a $52,000 win on your counterclaim, right? I asked for a document that would be a little bit less unwieldy than a 50- No, no, you asked for a judgment. I asked that the judgment be set out in a separate document. So, I had something that I could go and now enforce, but I could have enforced the 56-page judgment, which, by the way, another incorrect statement was the amount of my client's counterclaim was determined in January 22, 2022. The court, in that decision, in the summary judgment decision, said APE's counterclaim is granted, summary judgment on its counterclaim is granted in its entirety, and said in the amount of the invoices that were listed in our summary judgment motion, and I believe the actual amount is in there. So, every issue on our counterclaim had been resolved. So, by giving us another document, I mean, otherwise the position is, if I hadn't asked for that extra, paid that extra document, then his Rule 59E motion would not have been timely, but because I asked for it to be set out in a separate document, then it is timely. That just, that's just not supportable, I don't think, under the law. It's just- But you were surprised, then, when you got a 159E motion at the end of July? Yes. Yes. I mean, there were already submissions on it, right? That's what the district court's order references. The court's order. Submissions regarding prejudgment interest, and APE's intention to move for a new trial. Those are the submissions that are before the court as of June 23rd. On June 23rd, the court, Judge McCarthy, directed plaintiff to move, if it wanted prejudgment interest, to move pursuant to Rule 59E, and he moved 10 days after the deadline, and it is a strict deadline. So, the- Well, it's not jurisdictional in any way. It's a claim processing rule, as opposed to something that's, you know, permanent, that can never be buried. I mean, we would have the authority to allow it, if, for instance, you had waived the argument. I'm not saying you did waive it, but, you know, it's a claim processing rule. And, by the way, after he filed his late motion, we moved to, we opposed it, on the ground that it was late. And that's when, and Judge McCarthy ruled that, no, because it didn't start to run until July 7th. But that's just plainly erroneous. And the rules do say that it is a hard deadline that cannot be extended, and, therefore, the interest would be waived. When did you make your motion to memorialize your counterclaim? I believe it was July, sorry, I believe I. The judge's award is July 7th, so it has to have been sometime between June 23rd and July 7th, right? Yeah, correct. So, at that point, your adversary knows that the June 23rd judgment is likely to be amended, right? Because there's a pending motion now to award the counterclaim damages. First of all, it wasn't a motion. It was just a letter just saying, asking the court to. The court does not have pen pals. It's seeking relief from the court in the form of a new judgment. So, would the court be entitled to consider, or would a party be entitled to consider, well, there's going to be yet another judgment, and that affects when I can file my Rule 28 motion? I don't think it does, because that did not affect his judgment in any way. His judgment was. The Rule 59 motion, I'm sorry. His judgment, without question. But you're saying his judgment isn't affected by your judgment? If we're looking at a final judgment, then it is affected by it, because all claims in the case have to be resolved. My claims had already been resolved, and the judge said it. In her June 23rd judgment, she says, in a footnote, it's footnote two, it says, all other claims in this matter were resolved in my January 2nd, I forget the exact date, the January 2022 order. She says it explicitly, and then directs the court to close the case, which is clear evidence that the case was over. Now the case is over, and I thought to myself, I have to go enforce this thing. It would be nice if she could set it out in a separate document that says it, as opposed to going to a sheriff, for example, with a 56-page summary judgment decision that somebody has to sort through. It was purely ministerial, my request, and that did not reopen the time for a lessee to now file its late Rule 59 e-motion. It just doesn't, and Judge Walker, if you're, not correct, but to your point, if it doesn't require a final judgment, then it doesn't matter, because the judgment was June 23rd. All right. Well, I think we got our money's worth, so thank you both. We will reserve decision. Thank you for your time. Appreciate it.